# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00220-CR

**Kelly Kyle King, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 97-366-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

In November 1998, appellant Kelly Kyle King pleaded guilty to aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021(West Supp. 2001). Pursuant to a plea bargain agreement, the court deferred adjudication and placed appellant on community supervision. In February 2001, the court revoked supervision, adjudicated appellant guilty, and sentenced him to imprisonment for twenty years.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable

grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). After examining the record, appellant also filed a pro se brief.

Appellant first contends the evidence does not support the court's decision to revoke supervision and adjudicate guilt. The decision to proceed to adjudication is not reviewable on appeal. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2001). Pro se point of error one is overruled.

Next, appellant contends his original guilty plea was involuntary. Issues relating to the original plea proceeding must generally be raised in an appeal taken when deferred adjudication supervision is imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see also Nix v. State*, No. 793-00, slip op. at 4-5 (Tex. Crim. App. June 27, 2001); *Jordan v. State*, No. 1929-99, slip op. at 5 (Tex. Crim. App. June 27, 2001). Point of error two is overruled.

Appellant's third point contention is that he did not receive a fair sentencing hearing. The factual allegations he makes to support this contention are not supported by the record. Point of error three is overruled.

Finally, appellant contends his attorney on appeal was ineffective. We have reviewed the record and counsel's brief, however, and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Point of error four is overruled. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:  October 11, 2001

Do Not Publish